OPINION OF THE COURT
Memorandum.
Appeal from orders dismissing the accusatory instruments charging defendants with patronizing a prostitute (see 105 Mise 2d 772).
Orders unanimously reversed on the law, accusatory instruments reinstated and matters remanded to the court below for determination of the motion to dismiss in the interest of justice.
*1076 In each of these cases, the defendant is alleged to have solicited a decoy police officer to perform a sexual act for money. A motion was made to dismiss the accusatory instruments as insufficient and in the interest of justice. In brief, the court below concluded that the definition of “patronizing a prostitute” contained in subdivision 1 of section 230!fi2 ofi'the Renal Law only applied to a prostitute. This constructionNvas based on the reasoning that section 230.02 (subd 1, pars [a], [b]) of the Penal Law could only apply to a prostitute since they concerned past and present acts and therefore a police decoy would be under a legal disability to commit them. The court then reasoned that since paragraphs (a) and (b) concerned a prostitute, then, by applying the doctrine of ejusdem generis to the phrase “another person”, which is contained in all three paragraphs of subdivision 1 of section 230.02 that the phrase in paragraph (c) (under consideration herein) “another person” should also refer to a prostitute. Since a police decoy was used, the court concluded that the statute was not violated since defendants did not solicit a prostitute to commit a sexual act. For the reasons set forth herein, we disagree with the conclusion reached by the court below.
Defendants were charged with patronizing a prostitute in the fourth degree in violation of section 230.03 of the Penal Law. Section 230.02 of the Penal Law provides in part that:
“1. A person patronizes, a prostitute when:
“(a) Pursuant to a prior understanding, he pays a fee to another person as compensation for such person or a third person having engaged in sexual conduct with him; or
“(b) He pays or agrees to pay a fee to another person pursuant to an understanding that in return therefor such person * * * will engage in sexual conduct with him; or
“(c) He solicits or requests another person to engage in sexual conduct with him in return for a fee.”
It is the opinion of this court that the doctrine of ejusdem generis does not apply to the statute herein. This statute does not contain a list of persons or a list of specific items, followed by the word “another” or “other”. It would appear *1077 that section 230.02 (subd 1, par [a]) refers to a prostitute since it contemplates an act that was already completed for money. Paragraphs (b) and (c) do not lend themselves to such a construction. Paragraph (b) could be construed as applying to a case where a “John” goes over to and solicits a prostitute or a decoy and agrees to pay a fee in return for the understanding that such person or a third person would engage in sexual conduct with him. This paragraph could also be interpreted as applying to defendant “John” who was solicited by the prostitute or decoy (the legal impediment would not be the police department regulations since no act was committed but the impediment may be entrapment pursuant to section 40.05 of the Penal Law). This would distinguish section 230.02 (subd 1, par [b]) from subdivision 3 of section 240.35 of the Penal Law (loitering for the purpose of prostitution). Paragraph (c), however, deals with the case where the solicitation is clearly done by the “John”, where the act is to be done in the future and where there is no payment as of yet. It is different from the prior paragraphs in this section and the same disabilities attendant to those paragraphs (department regulations or entrapment) would not apply herein. It is clear that each of the three paragraphs is intended to apply to different situations.
Another indication of why the doctrine of ejusdem generis should not be applied is that there is an indication as to the legislative intent behind this section. The commission staff notes for this section of the Penal Law state that “[T]his section makes it a violation for a person to hire or attempt to hire a prostitute or anyone else to engage in sexual conduct with him.” (Gilbert, Criminal Law and Procedure [1980-1981], p 2A-163.) The court below was aware of this comment but discounted it since it was written after the section was enacted. The court was of the opinion that the legal disability attendant to the decoy resulted in defendant’s not having violated the statute (105 Misc 2d, at p 780). What the court below misapprehended was the focus of paragraph (c). It is focused on the actions of the defendant and not on the legal ability of the person solicited to comply with his or her offer. This issue was raised in the case of People v Bronski (76 Misc 2d 341) *1078 where an almost identical fact pattern was presented to the court. The court therein stated that it was the conduct of the defendant that was to be “proscribed” and stated (p 342) that the phrase another person could refer to anyone “for it is the conduct of the solicitor, and not the solicited, which is proscribed.” It is a fundamental canon of construction that words are to be interpreted as taking their ordinary, contemporary meaning, that they should be given their natural and most obvious sense, without resort to artificial or forced construction (see Perrin v United States, 444 US 37; People v Cruz, 48 NY2d 419; People v Wallace, 101 Misc 2d 127).
In the case at bar, the phrase “another person”, should be given its ordinary and plain meaning. It should apply to any other person, including a police decoy. Therefore, the statute would apply to the facts herein. The motion before the court below was to dismiss for legal insufficiency of the accusatory instrument and to dismiss in the interests of justice. In the case at bar, the court only passed on the first part of the motion and did not determine the second part of said motion. The orders appealed from should be reversed, the accusatory instruments reinstated and the matters remanded to the court below for consideration of the second part of the motion for dismissal (see People v Izsak, 99 Misc 2d 543).
Concur: Pino, P. J., Buschmann and Jones, JJ.