■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROY COLEMAN, Appellant.—Judgment of the Supreme Court, New York County (Jeffrey M. Atlas, J.), rendered on June 10, 1986, which convicted defendant, after a jury trial, of attempted promoting prostitution in the second degree (Penal Law §§ 110.00, 230.30 [2]) and grand larceny in the third degree (Penal Law former § 155.30 [5], eff until Nov. 1, 1986), and sentenced him to concurrent, indeterminate terms of imprisonment of from 3 to 6 years and 1½ to 3 years, respectively, is affirmed.

As indicated by the dissent, defendant was convicted of the crime of attempted promoting prostitution in the second degree largely on the basis of the testimony of a decoy police officer to the effect that defendant tried to talk her into becoming a prostitute after she told him that she was only 15 years old. Promoting prostitution is defined by conduct that, among other things, is "designed to institute, aid or facilitate an act or enterprise of prostitution" (Penal Law § 230.15 [1]), and is divided into four degrees distinguished by the type of promotional activity involved or the age of the person whose prostitution is promoted. The first degree, a class B felony, sets the age of the person prostituted at less than 11 years; the second degree, a class C felony, at less than 16 years; the third degree, a class D felony, at less than 19 years; and the fourth degree, a class A misdemeanor, at 19 years or older. With respect to the element of age, promoting prostitution is a "strict liability offense" (see, Penal Law § 15.10) in that guilt depends only upon the fact of age and not the defendant's

knowledge thereof (Penal Law § 15.20 [3]). Thus, because the decoy police officer was in fact not under 16, defendant, notwithstanding his belief that she was under 16, could not have been prosecuted for promoting prostitution in the second degree.

However, we reject defendant's argument that the age of the decoy police officer also precluded his prosecution for the different crime of *attempting* to promote the prostitution of a person under the age of 16. A person is guilty of an attempt to commit a crime when, with intent to commit a crime, he engages in conduct that tends to effect the commission of such crime (Penal Law § 110.00), and it is no defense that, under the attendant circumstances, the crime attempted was impossible of commission, "if such crime could have been committed had the attendant circumstances been as such person believed them to be." (Penal Law § 110.10.) Thus, upon the rationale that "what was in the actor's own mind should be the standard for determining his dangerousness to society and, hence, his liability for attempted criminal conduct", the Penal Law has virtually "eliminate[d]" the defense of impossibility in attempt cases by shifting the "locus of analysis" away from "external considerations" that might constitute elements of the crime attempted, such as the age of the victim, and toward "the actor's mental frame of reference" *(People v Dlugash,* 41 NY2d 725, 734). Defendant's belief concerning the age of the decoy police officer, while indeed irrelevant to the question of his guilt for promoting her prostitution, served to define the degree of his criminality for attempting to promote her prostitution, and thus was a crucial element of the attempt crime for which he was prosecuted.

Because the record contains sufficient evidence from which the jury could conclude that defendant believed the decoy police officer to be under the age of 16, and because defendant's conduct was such that he would have committed the crime of promoting prostitution in the second degree had the decoy police officer in fact been under the age of 16, his conviction for attempted promoting prostitution in the second degree should be affirmed.

We have reviewed the other arguments made by defendant and find them to be without merit. Concur—Milonas, J. P., Kassal, Rosenberger and Wallach, JJ.

Smith, J., dissents in part in a memorandum as follows: I believe that the defendant could not be convicted of attempted promoting prostitution in the second degree where the person defendant attempted to have work as a prostitute was over 16

years of age. I would, therefore, reduce the conviction to promoting prostitution in the fourth degree, a class A misdemeanor (Penal Law § 230.20), and remand the case for resentencing. I would also affirm the conviction for grand larceny in the third degree.

The evidence revealed that on January 27, 1986, 25-year-old undercover police officer Alicea Kenny was on duty in the Times Square area of Manhattan trying to make arrests for prostitution offenses involving teen-agers. She was in plain clothes, working the 4:00 P.M. to 12:00 A.M. shift with a backup team of four officers. About 10:00 P.M. she entered the Old Fashioned Donuts shop at 43rd Street and 8th Avenue and ordered a cup of coffee. After about a minute she was joined by the defendant. During the next few minutes, she told the defendant that she was a 15-year-old runaway from home who was looking for a job and he urged her to become a prostitute, with defendant acting as her pimp. During the same time he asked her for the gold chain around her neck and when she refused to give it to him, snatched it from around her neck. The evidence thus established that the defendant tried to get the officer to become a prostitute and further committed grand larceny by removing the chain from her neck. Defendant was arrested within minutes of the encounter with Officer Kenny.

Defendant was found guilty of attempted promoting prostitution in the second degree in violation of Penal Law §§ 110.00 and 230.30 (2). Section 230.30 (2) reads as follows:

"A person is guilty of promoting prostitution in the second degree when he knowingly * * *

"2. Advances or profits from prostitution of a person less than sixteen years old."

Penal Law § 230.30 (2) requires that the person who is the object of the promotion for prostitution must be less than 16 years of age. Since the officer was, in fact, 25 years of age, defendant could not be guilty of a violation of Penal Law § 230.30 (2).

The majority takes the view that because Officer Kenny told defendant she was 15 and a reasonable interpretation of the evidence is that the defendant believed her, defendant is guilty of attempting to promote the prostitution of a person less than 16 years of age. The statute, however, does not say that a person is guilty who *believes* the prospective prostitute is less than 16 years of age. Moreover, even if the defendant believed Officer Kenny was 25 years of age and, in reality, she

was 15 years of age, he could be found guilty of a violation of Penal Law § 230.30 (2). Thus Penal Law § 15.20 (3) states that lack of knowledge of the age of a child is not a defense to a prosecution.

In sum, I believe that defendant's conviction should be reduced to promoting prostitution in the fourth degree in violation of Penal Law § 230.20 which states, "A person is guilty of promoting prostitution in the fourth degree when he knowingly advances or profits from prostitution."