OPINION OF THE COURT
Harold Beeler, J.
Defendant herein, charged by information with the crime of *631 permitting prostitution (Penal Law § 230.40), moves in an omnibus motion for dismissal of the charge and, in the alternative, for a bill of particulars and discovery pursuant to CPL 200.95 and 240.20.
The People filed a written response to defendant’s motion and orally moved, pursuant to CPL 100.45 (3), to amend the accusatory part of the information to add the charge of promoting prostitution in the fourth degree (Penal Law § 230.20). This court reserved decision on the People’s motion to amend in order to provide defendant an opportunity to respond. Defendant having failed to do so, this court will decide each of the aforementioned motions on the record now before it.
The information, as originally drafted, alleged in substance that on the evening of the alleged incident defendant was working behind the registration counter at the Hotel Savoy on West 58th Street. He was approached by a man and a woman —both of whom were plain-clothes undercover New York City police officers — and was advised by the man that the woman accompanying him was not his wife and that he was paying her $150. After the male officer advised defendant that his female companion was "a prostitute,” defendant rented the couple a room for $35.
Defendant first moves to dismiss the charge of permitting prostitution on the ground that the facts as stated in the information fail to make out a present "use” of the premises for prostitution purposes as required by Penal Law § 230.40, and instead refer only to a future "intent to use” on the part of the officers posing as hotel patrons.
Permitting prostitution is defined, pursuant to Penal Law § 230.40, as follows: "A person is guilty of permitting prostitution when, having possession or control of premises which he knows are being used for prostitution purposes, he fails to make reasonable effort to halt or abate such use.”
At the outset, this court rejects defendant’s contention that the factual portion of the information is deficient for failing to allege a present "use” of the premises for prostitution purposes. To suggest, as defendant does, that premises are not being "used” for prostitution purposes until the prostitute and "john” actually enter a room within the premises is to give an overly narrow and, in this court’s view, unintended interpretation to Penal Law § 230.40. (See, People v Harris, 74 Misc 2d 707.)
*632 Defendant also moves to dismiss the charge of permitting prostitution pursuant to CPL 170.30, 170.35 and 100.40 on the ground that the information "fails to state the commission of a crime on its face.” In support of his motion, defendant contends that the allegations in the information that the two individuals to whom he allegedly rented the hotel room were undercover police officers, who had no actual agreement between themselves to engage in sexual conduct for a fee (see, Penal Law §230.00), renders defendant’s commission of the crime charged "impossible,” thus requiring dismissal under CPL 170.35 and 100.40.
With regard to this argument, the court agrees that it would be legally or factually impossible, based on the allegations of the instant information, for the crime of permitting prostitution to have occurred herein, in that both parties to the alleged "prostitution” were undercover police officers who had no intention of using the premises "for prostitution purposes” (see, Penal Law § 230.40).
The factual scenario here must be distinguished from those cases involving only a single undercover police officer who poses as a decoy "John” or prostitute. Where, for example, a defendant prostitute approaches an undercover police decoy and agrees to engage in sexual conduct in return for a fee, the fact that the officer has no intention of actually engaging in such conduct does not relieve the defendant of criminal liability for the completed crime of prostitution (see, Penal Law § 230.00).
Similarly, when a defendant "John” approaches an undercover officer posing as a prostitute and "solicits or requests” the officer to engage in sexual conduct with him in return for a fee, the defendant is guilty of patronizing a prostitute notwithstanding the fact that the "prostitute” he solicited was actually a police officer who had no intention of engaging in any sexual conduct. (People v Bailey, 108 Misc 2d 1075; People v Bronski, 76 Misc 2d 341; see also, Penal Law § 230.02 [1] [b], [c]; § 230.03.)
In both of these "single decoy” situations the focus is on the actions of the defendant in making the proscribed offer or agreement, and "not on the legal ability of the person solicited to comply with his or her offer.” (People v Bailey, supra, at 1077.)
Where, however, as here, both the "prostitute” and her "customer” are in fact undercover police officers, there can be *633 no actual agreement, offer, solicitation, or other understanding between the two to engage in sexual conduct for a fee. Accordingly, there can, on these facts, be neither "prostitution” nor a use of the hotel premises "for prostitution purposes” as required by Penal Law § 230.40.
Likewise, based on the facts alleged in the instant information, it is legally or factually impossible for defendant to have committed the crime of promoting prostitution in the fourth degree, which charge the People seek to add to the accusatory portion of this instrument.
Pursuant to Penal Law § 230.20, "[a] person is guilty of promoting prostitution in the fourth degree when he knowingly advances or profits from prostitution.” A person "advances prostitution” when, "acting other than as a prostitute or as a patron thereof, he knowingly causes or aids a person to commit or engage in prostitution * * * provides persons or premises for prostitution purposes * * * or engages in any other conduct designed to institute, aid or facilitate an act * * * of prostitution.” (Penal Law § 230.15 [1].)
Inasmuch as the factual allegations in the information at bar rule out any actual prostitution relationship between the two undercover officers, the crime of promoting prostitution, though otherwise supported by the facts herein, clearly cannot be committed by this defendant.
However, notwithstanding that it is impossible for permitting prostitution and promoting prostitution to exist under the facts of this case, it is the opinion of this court that dismissal on this ground would be inappropriate.
Pursuant to Penal Law § 110.10, "[i]f the conduct in which a person engages otherwise constitutes an attempt to commit a crime * * * it is no defense to a prosecution for such attempt that the crime charged to have been attempted was, under the attendant circumstances, factually or legally impossible of commission, if such crime could have been committed had the attendant circumstances been as such person believed them to be.”
"[U]pon the rationale that 'what was in the actor’s own mind should be the standard for determining * * * his liability for attempted criminal conduct,’ ” section 110.10 of the Penal Law "has virtually 'eliminate[d]’ the defense of impossibility in attempt cases by shifting the 'locus of analysis’ away from 'external considerations’ that might constitute elements of the crime attempted * * * and toward 'the actor’s mental *634 frame of reference’ (People v Coleman, 143 AD2d 552, 553 [1st Dept], quoting People v Dlugash, 41 NY2d 725, 734-735.)
In renting a room to a couple who openly admitted to a prostitution relationship, this defendant engaged in conduct which, but for the lack of an actual prostitution relationship between the two undercover officers, amounted to a violation of both Penal Law §§ 230.40 and 230.20. That the hotel "patrons” here were, in fact, undercover police officers, suffices to relieve defendant of criminal liability for the completed crimes, but, under Penal Law § 110.10, does not provide a defense to an attempt to commit these crimes inasmuch as defendant "believed the attendant circumstances” to be otherwise. (See, e.g, People v Coleman, supra; People v Dlugash, supra.)
Accordingly, the true defect in the information at bar involves not the failure to allege facts sufficient to make out the crimes of permitting prostitution or promoting prostitution, but rather, the failure of the accusatory portion of such instrument to charge an "attempt” to commit said crimes.
Pursuant to CPL 170.35 (1) (a), this court is precluded in such situations from dismissing the accusatory instrument, and must instead, where possible, permit amendment of the instrument to "cure” the defect.
Applying, therefore, the rationale of Penal Law § 110.10 and Coleman (supra), the People’s motion to amend the accusatory portion of the information is granted to the extent that the charge of attempted promoting prostitution in the fourth degree (Penal Law §§ 110.00, 230.20) is added. In addition, notwithstanding the failure of the People to expressly so move, the charge of permitting prostitution (Penal Law § 230.40) is, by virtue of the "impossibility” doctrine, likewise reduced to the charge of attempted permitting prostitution (Penal Law §§ 110.00, 230.40).
Defendant also moves, in the event the court denies his motion to dismiss on legal grounds, for dismissal in the interest of justice pursuant to CPL 170.30 (g) and 170.40.
Upon review of the applicable criteria set forth in CPL 170.40 (1) (a) through (j), the court concludes that there does not exist any exceptional factor, consideration, or circumstance which clearly demonstrates that a conviction herein would constitute an injustice.
In support of his motion, defendant first contends that "no harm was caused by defendant if in fact the circumstance, as *635 alleged by complainant, took place.” (Penal Law § 170.40 [1] [b].) To the extent defendant’s argument reflects the oft-repeated notion that prostitution is a "victimless” crime, this court rejects defendant’s position. It is well documented that the crime of prostitution rarely exists in a vacuum, and in fact, tends to supplement a host of related and often far more serious criminal activities, not the least of which include drug trafficking and weapons offenses. Further, a convincing argument can be made that the prostitute, in a substantial number of cases, is herself at once both a perpetrator and a "victim” of the crime she commits.
Nor does this court accept defendant’s contention that the circumstances leading to his arrest "would probably employ the sympathy of the public for defendant’s plight.” To the contrary, the public policy of this city, as evidenced by the consistently high number of prostitution arrests and by the People’s unwillingness to forego prosecution even in first-arrest prostitution cases, reflects both an underlying public concern for the seriousness of the offense itself, and a desire to stem the growing tide of prostitution-related criminal activity. (CPL 170.40 [1] [a].) To suggest, as defendant does, that dismissal here would not have a negative impact on the public’s confidence in the criminal justice system (Penal Law § 170.40 [1] [h]), and that continued prosecution of the defendant would “serve no useful purpose” (Penal Law § 170.40 [1] [f]), is to ignore this clear public policy mandate. The court regards defendant’s conduct even more egregious in that it constitutes not merely an isolated act of prostitution, but, by providing premises for a fee, has the effect of encouraging repeated acts of prostitution to occur.
With regard to defendant’s position that "there is, and * * * continues to be, no evidence of this defendant’s guilt on the record before this Court,” again the court must disagree. (Penal Law § 170.40 [1] [c].) The acts of defendant, as alleged in the information, were simultaneously witnessed by two New York City police officers whose unambiguous statements to defendant concerning their purpose in renting the hotel room leave little room for doubt as to defendant’s culpability in the crimes charged. To the extent the credibility of these witnesses, and of the defendant, is at issue in determining the extent, if any, of his criminal liability, that must be resolved by the fact finder at trial and not in a motion to dismiss on interest of justice grounds.
This court is aware that defendant, at 35 years of age, has *636 never before been convicted of a crime (Penal Law § 170.40 [1] [d]), and that a conviction in this case could have an adverse affect on his future employability and status in the community. This, however, by itself, and in light of the factors considered above, is insufficient to warrant the exercise of the court’s discretion in defendant’s favor.
For the foregoing reasons, defendant’s motions to dismiss the accusatory instrument on facial insufficiency grounds and in the interest of justice are denied; and, the People’s motion to amend the accusatory portion of said instrument is granted to the extent indicated herein.
Defendant’s motion for discovery and a bill of particulars is granted to the extent provided for by the People in their response. Should defendant contend that the People’s response fails to provide any other item or items mandated by CPL 240.20 and 100.45, he may apply for further court-ordered relief with respect to such item(s).