■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NATHAN J. LIGGINS, Appellant.—Judgment of the Supreme Court, New York County (Murray Mogel, J.), rendered on April 30, 1987, convicting defendant, following a bench trial, of attempting to promote prostitution in the second degree and sentencing him, as a second felony offender, to an indeterminate term of imprisonment of from 3½ to 7 years, is affirmed.

In a case directly on point, this court has recently determined that an individual may be convicted of the crime of attempted promotion of prostitution in the second degree (Penal Law §§ 110.00, 230.30 [2]) based on evidence that he had endeavored to persuade a decoy officer into becoming a prostitute after she had represented that she was less than 16 years of age *(People v Coleman,* 143 AD2d 552, *affd* 74 NY2d 381). Since there is sufficient proof to demonstrate that defen-

dant herein believed the decoy officer to be under the age of 16 and, moreover, that his conduct was such as to constitute promoting prostitution in the second degree had the officer, in fact, been younger than 16 years old, he was properly convicted of attempted promotion of prostitution in the second degree. It should be noted that the present situation is distinguishable from that in *People v Campbell* (72 NY2d 602, 605), where the Court of Appeals held that the crime of attempted assault in the second degree is a legal impossibility because "one cannot have a specific intent to cause an unintended injury" *(see also,* Penal Law § 120.05 [3]). However, when, as herein, " 'the consequences sought by a defendant are forbidden by the law as criminal, it is no defense that the defendant could not succeed in reaching his goal because of circumstance unknown to him' " *(People v Dlugash,* 41 NY2d 725, 733). Thus, defendant may not rely upon the fact that the undercover officer was actually 25 years of age to avoid conviction for attempted promotion of prostitution in the second degree *(see, People v Coleman, supra).* Concur—Ross, Milonas, Ellerin and Smith, JJ.

Kupferman, J. P., dissents in part in a memorandum as follows: In this bench trial, the defendant was convicted of attempting to promote prostitution in the second degree (Penal Law §§ 110.00, 230.30) in that the victim was under 16.

The person involved in the decoy operation was a 25-year-old policewoman, a member of the Police Department Pedophilia Squad, who was posing as a 15-year-old runaway.

Putting aside the question of whether you can have an "attempt" when the crime attempted was impossible of commission *(see, People v Coleman,* 74 NY2d 381), I would reduce to promoting prostitution in the third degree, section 230.25, and remand for resentencing.

While the police officer may have been posing as a 15 year old, the evidence does not substantiate the age found beyond a reasonable doubt. Defendant contends that she appeared to be 19. She said that the defendant had *not* indicated that he believed she was under 16, and that he had asked if she was 18 or 19. Accordingly, the degree of crime should be reduced to cover "a person less than nineteen years old". (Penal Law § 230.25 [2].)