[No. 58333-1.    En Banc.    May 21, 1992.]

THE STATE OF WASHINGTON, *Respondent,* v. JANICE ANN
JOHNSON, *Petitioner.*

168

*Michael N. Rosen,* for petitioner.

*Norm Maleng, Prosecuting Attorney,* and *Theresa Fricke, Senior Deputy Prosecuting Attorney,* for respondent.

DOLLIVER, J. — This case arises from a police sting operation at the Panama Hotel in Seattle, which is owned by defendant Janice Ann Johnson. Between June 15, 1988, and June 22, 1988, Detective Leanne Shirey visited the Panama Hotel on six separate occasions posing as a prostitute, accompanied each time by a different male police officer posing as a patron. Based upon information resulting from the sting operation, the State charged the defendant with one count of promoting prostitution in the second degree in violation of RCW 9A.88.080(1)(b) (count 1) and three counts of permitting prostitution in violation of RCW 9A.88.090 (counts 2 through 4).

In a pretrial motion, and at trial, the defendant moved to dismiss counts 2 through 4 because there was no evidence that, on the dates which formed the bases for the permitting prostitution charges (June 15, 1988, June 21, 1988, and June 22, 1988), prostitution had occurred, that is, there had been an offer or agreement to engage in sexual conduct for a fee. The defendant argued that the crime of permitting prostitution could not occur unless the premises were actually being used for prostitution. The State countered that RCW 9A.88.090 only requires that the defendant "know" the premises are being used for prostitution purposes, and under the definition of knowledge in RCW 9A.08.010(1)-(b)(ii), one may have a reasonable belief or subjective "knowledge" that a fact exists even though it objectively does not.

The court denied defendant's motions to dismiss. The defendant appealed to the Court of Appeals which affirmed the trial court's denial of the motions to dismiss on the issue of knowledge, but reversed the convictions on counts 3 and 4 based on evidentiary grounds and remanded for a new trial. *See State v. Johnson*, 61 Wn. App. 235, 809 P.2d 764 (1991). The State did not appeal the reversals. The defendant petitioned for review to this court seeking a dismissal of all counts on the knowledge issue. We granted the petition for review.

The first issue is presented by the State's motion, filed after oral argument, seeking an order barring the defendant from raising a claim that the permitting prostitution statute is unconstitutionally vague because it uses the phrase "without lawful excuse".

The defendant's opening and reply briefs did not indicate that the constitutional issue was being raised on appeal. In one sentence, amidst discussion of a separate issue, the defendant states that other Washington cases have held that the cited phrase has rendered other statutes void for vagueness. However, there was no discussion whether the permitting prostitution statute itself was unconstitutionally vague. During oral argument, the defendant did assert the statute was unconstitutionally vague, and the State objected to the presentation of the issue. The defendant replied that the question was properly raised because it presented a constitutional issue.

The motion was passed to the merits. We take this opportunity to clarify whether and in what circumstances a party may raise an issue not set forth in that party's brief(s).

■ The general rule in Washington on this issue is set forth in RAP 12.1, which provides:

> **(a)** . . . Except as provided in section (b), the appellate court will decide a case only on the basis of issues set forth by the parties in their briefs.
> **(b)** . . . If the appellate court concludes that an issue which is not set forth in the briefs should be considered to properly decide a case, the court may notify the parties and give them an opportunity to present written argument on the issue raised by the court.

See Dearborn Foundry Co. v. Augustine, 5 Wash. 67, 72, 31 P. 327 (1892). In this case, the issue was not set forth as an issue in the defendant's briefs and was addressed for the first time at oral argument. While appellate courts may accept review of constitutional issues not raised in the trial court pursuant to RAP 2.5(a)(3), the defendant must raise the issue on appeal in accordance with the Rules of Appellate Procedure. Issues not so raised, even constitutional issues, are not properly before this court.

■ If a party has a meritorious argument, which has not been briefed, that is believed to be necessary to the resolution of the case, the party may notify the court, and we may consider the issue pursuant to RAP 12.1(b). Here, the defendant, at oral argument, did not inform the court that the issue was not presented by the briefs nor did defendant give the court the opportunity to determine if the issue should be considered to decide the case.

Therefore, we grant the State's motion in that we decline to consider whether the statute is unconstitutionally vague. Parties wishing to raise constitutional issues on appeal must adhere to the Rules of Appellate Procedure. Moreover, the defendant should be cognizant that this court's more recent cases, not cited by the defendant, have rejected the notion that a statute which uses the term "lawful" in different contexts is per se unconstitutionally vague. *See, e.g., State v. Carver*, 113 Wn.2d 591, 598-99, 781 P.2d 1308, 789 P.2d 306 (1989); *State v. Smith*, 111 Wn.2d 1, 6, 759 P.2d 372 (1988); *State v. Worrell*, 111 Wn.2d 537, 542, 761 P.2d 56 (1988). Parties raising constitutional issues must present considered arguments to this court. We reiterate our previous position: " 'naked castings into the constitutional sea are not sufficient to command judicial consideration and discussion.' " *In re Rosier*, 105 Wn.2d 606, 616, 717 P.2d 1353 (1986) (quoting *United States v. Phillips*, 433 F.2d 1364, 1366 (8th Cir. 1970)).

We now turn to the issue on appeal — whether a person may have knowledge that premises are being used for prostitution purposes when undercover police officers pose as both the prostitute and the male patrons.

RCW 9A.88.090(1) provides:

A person is guilty of permitting prostitution if, having possession or control of premises which he knows are being used for prostitution purposes, he fails without lawful excuse to make reasonable effort to halt or abate such use.

The Legislature defined knowledge in RCW 9A.08.010(1)(b):

*Knowledge.* A person knows or acts knowingly or with knowledge when:

(i) he is aware of a fact, facts, or circumstances or result described by a statute defining an offense; or

(ii) he has information which would lead a reasonable man in the same situation to believe that facts exist which facts are described by a statute defining an offense.

The defendant argues RCW 9A.88.090 requires an act of prostitution as an element of the crime because one cannot "know" a fact which does not exist. The State asserts, and the trial and appellate court agreed, that RCW 9A.08-.010(1)(b)(ii) provides that when a person has information which would lead a reasonable person to believe that a fact exists the person has knowledge of that fact regardless of its actual existence.

In construing a statute, the court's paramount duty is to give effect to the intent of the Legislature. *Yakima v. International Ass'n of Fire Fighters Local 469*, 117 Wn.2d 655, 669, 818 P.2d 1076 (1991). When a statute is not ambiguous, the Legislature's intent must be determined by the language alone. *Multicare Med. Ctr. v. Department of Social & Health Servs.*, 114 Wn.2d 572, 582, 790 P.2d 124 (1990). A statute is not ambiguous unless it is susceptible to more than one meaning. *Yakima*, 117 Wn.2d at 669. Penal statutes are strictly construed so that only conduct which is clearly within the statutory terms is subject to punitive sanctions. *State v. Cann*, 92 Wn.2d 193, 197, 595 P.2d 912 (1979). However, the rule "does not require a forced, narrow, or overstrict construction which defeats the intent of the legislature." *Cann*, 92 Wn.2d at 197-98.

RCW 9A.88.090 is not ambiguous. The phrase "which he knows are being used for prostitution purposes" modifies the most recent antecedent, "premises". *See Boeing Co. v. Department of Licensing*, 103 Wn.2d 581, 587, 693 P.2d 104 (1985). There is no separate requirement that the premises are actually being used for prostitution purposes. The Legislature has clearly stated that persons permit prostitution if, with control of premises which they "know" are being used for prostitution purposes, they do not make a reasonable attempt to abate such use. The Legislature has defined

knowledge to include one's reasonable, subjective belief. It is the subjective knowledge of the illegal use and the absence of conduct attempting to abate such use which brings the conduct within the statutory definition.

The ambiguity the defendant is attempting to assert results, not from the language of the permitting prostitution statute, but from an erroneous assumption that subjective knowledge must accord with objective reality. In *State v. Scott*, 110 Wn.2d 682, 757 P.2d 492 (1988), this court held the statutory definition of knowledge reiterates the ordinary meaning of that term and does not create a different technical meaning. Defendant contends that the ordinary meaning of "knowledge" cannot allow knowledge of a fact which does not exist.

At first blush, defendant's contention appears to have some merit. After more careful thought, however, one finds that this seemingly paradoxical phenomenon occurs with much frequency in our daily lives. For example, we reasonably believe that flicking a switch on the wall will result in the illumination of the room. Under the Legislature's definition of knowledge, we "know" that flicking the switch will turn the lights on. However, suppose, unbeknownst to us, there was a short or other fault in the wiring during the preceding night. When we wake in the morning and reach for the switch, we believe or subjectively "know" the switch will turn the lights on even though it is objectively impossible, until we obtain information that the wiring is faulty, *i.e.*, by flicking the switch and the lights remain off.

> (1) "To undertake a precise distinction between knowledge and belief or to mark the line where one begins and the other ends would be difficult if not impossible. Much that we are accustomed to call knowledge is only a thoroughly developed, firmly grounded, highly conventionalized form of belief."
> (2) "Is there a solid distinction between human knowledge and belief? Practically and metaphysically the difference is only in degree of conviction, on the evidence of the fact. . . . It may be weak or strong belief. If strong, decided conviction we may call it knowledge and yet it is only belief."

(Citations omitted.) 10 C.J.S. *Belief*, at 237 n.41 (1938).

We need not discern where the line between belief and knowledge lies because the Legislature has chosen to define knowledge so that one may "know" something based upon a reasonable, subjective belief that a fact exists. This definition of knowledge was validated in *State v. Leech*, 114 Wn.2d 700, 710, 790 P.2d 160 (1990).

Defendant contends that one's mistaken reasonable, subjective belief is akin to a constructive knowledge standard which is impermissible under *State v. Shipp*, 93 Wn.2d 510, 610 P.2d 1322 (1980). However, *Shipp* understood that actual knowledge included one's subjective belief. *Shipp*, 93 Wn.2d at 517. The fact that one's subjective belief may be inaccurate is not equivalent to a presumption of knowledge.

*Shipp* held that there cannot be a mandatory presumption of knowledge based upon one's receipt of certain information because it would not allow a jury to take into account the subjective intelligence or mental condition of the defendant. *Shipp*, however, does permit a jury to find actual knowledge from a subjective belief based upon circumstantial evidence. It is the defendant's subjective belief that is important for culpability, not the objective state of facts. The jury is *permitted* to find actual subjective knowledge if there is sufficient information which would lead a reasonable person to believe that a fact exists. Therefore, a mistaken reasonable, subjective belief may constitute "knowledge" without violating *Shipp*.

Defendant also contends the jury instructions allowed the jury mandatorily to presume knowledge. However, jury instruction 11 defined "knowledge" in accordance with *Shipp*:

A person knows or acts knowingly or with knowledge when he or she is aware of a fact, facts or circumstances or result described by law as being a crime.

If a person has information which would lead a reasonable person in the same situation to believe that facts exist which are described by law as being a crime, *the jury is permitted but not required to find that he or she acted with knowledge.*

(Italics ours.) The jury was also instructed:

Evidence may either be direct or circumstantial. Direct evidence is that given by a witness who testifies concerning facts which he or she has directly observed or perceived through the senses. Circumstantial evidence consists of proof of facts or circumstances which, according to common experience permits a reasonable inference that other facts existed or did not exist. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. One is not necessarily more or less valuable than the other.

Instruction 4. Thus, the jurors were properly instructed not to make an unconstitutional mandatory presumption of knowledge from the information the defendant had received. In accordance with *Shipp*, they were *permitted* to find actual knowledge based upon the circumstantial evidence.

Defendant analogizes this case to convicting persons for violating the hit-and-run statute when they mistakenly believe there has been an accident. The hit-and-run analogy misses the mark because the nature of the crime of hit and run is fundamentally different from the nature of permitting prostitution. Under RCW 46.52.010 or .020, one must be involved in a collision or an accident resulting in property damage or bodily injury as a predicate to being convicted of hit and run. There is no mens rea element. The statute itself precludes the possibility of criminalizing the situation where one deduces there has been an accident from circumstantial evidence, *i.e.*, from hearing skidding or the like, and does not then go to the scene to investigate.

The defendant also argues the Court of Appeals misunderstood New York law in its analysis of this issue. New York appears to be the only other jurisdiction to have addressed this issue. In *People v. Behncke*, 141 Misc. 2d 630, 534 N.Y.S.2d 79 (1988), the court held one cannot be guilty of permitting prostitution under the New York equivalent to our permitting prostitution statute when both the prostitute and patrons are undercover police officers.

The *Behncke* court states that a subjective belief of fact is a sufficient mens rea only for an attempted crime.

> That the hotel "patrons" here were, in fact, undercover police officers, suffices to relieve defendant of criminal liability for the completed crimes, but . . . does not provide a defense to an attempt to commit these crimes inasmuch as defendant *"believed the attendant circumstances" to be otherwise.*

(Italics ours.) *Behncke*, 141 Misc. 2d at 634. However, "knowledge" under the New York penal code does not include the subjective knowledge standard found in RCW 9A.08.010(1)-(b)(ii). N.Y. Penal Law § 15.05(2) (Consol. 1984) defines knowledge as:

> A person acts knowingly with respect to conduct or to a circumstance described by a statute defining an offense when he is aware that his conduct is of such nature or that such circumstance exists.

This definition is similar to RCW 9A.08.010(1)(b)(i), but does not include Washington's broader definition of knowledge found in RCW 9A.08.010(1)(b)(ii).

Defendant argues that New York common law does allow circumstantial evidence to lead to a finding of knowledge, just as in Washington, citing *People v. Roque*, 108 Misc. 2d 965, 437 N.Y.S.2d 527 (1981). In *Roque*, the issue was whether there was sufficient circumstantial evidence to show the defendant knew he possessed a controlled substance. Significantly, however, there was no allegation or argument in *Roque* that there was, in fact, no controlled substance. Therefore, *Roque* never directly addressed the question whether one can have a subjective belief that a fact exists when it objectively does not. It does appear, however, that the New York cases use differing definitions of knowledge. While there may be some inconsistency in the New York courts on this issue, this court need not resolve those inconsistencies.

■ Next, defendant argues that the lack of an act of prostitution, as a matter of logic, constitutes a lawful excuse for defendant's failure to act. However, if the permitting prostitution statute does not require an act of prostitution to occur, then the fact that it does not occur is not an excuse.

■ RCW 9A.88.090 is not ambiguous and does not require the premises actually to be used for prostitution purposes. The plain language of the statute creates a duty to act when a certain mental state is present — "knowledge" that premises are being used for prostitution purposes. That duty to act is not alleviated until one makes a reasonable attempt to abate the believed illegal use or one acquires information which would lead a reasonable person to believe that prostitution was not occurring. Defendant's proffered interpretation is contrary to the language of the permitting prostitution and knowledge statutes and would defeat the legislative intent of convicting owners of premises who "knowingly" allow their premises to be used for prostitution purposes.

We affirm the decision of the Court of Appeals.

DORE, C.J., and UTTER, BRACHTENBACH, DURHAM, and SMITH, JJ., concur.

ANDERSEN, J. (dissenting) — I read the statute to require that before there can be a conviction for violating it, there must first be proof that the premises involved were "being used for prostitution" and that the defendant knew of that use.

I would thus reverse and remand for a new trial in which the State would be required to prove *all* the elements of this crime. *See* WPIC 48.08.

GUY and JOHNSON, JJ., concur with ANDERSEN, J.