IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| VALENTINA POLETAYEVA, | ) | No. 77353-4-I |
| Appellant, | ) ) ) | DIVISION ONE |
| v. | ) ) | |
| SPECIALIZED LOAN SERVICES, LLC,[†] | ) ) | |
| Defendant/ Counterclaim Plaintiff, | ) ) ) ) | UNPUBLISHED OPINION FILED: November 19, 2018 |
| KAREN GIBBON, Trustee, | ) ) | |
| Defendant. | ) ) | |

SMITH, J. — Valentina Poletayeva appeals the trial court's summary judgment of foreclosure. Because Poletayeva did not raise a genuine issue of material fact regarding the existence of a default and because New Penn Financial LLC is otherwise entitled to foreclose, we affirm.

FACTS

On April 19, 2007, Poletayeva executed a promissory note in the amount of $550,000 in favor of Countrywide Home Loans Inc. Countrywide endorsed the

[†] Specialized Loan Services LLC (SLS), the original defendant and counterclaim plaintiff in this case, was replaced by New Penn Financial LLC, d/b/a Shellpoint Mortgage Services, below. The case caption was not updated to reflect this substitution.

note in blank. The note is secured by a deed of trust encumbering a condominium located at 819 Virginia Street, Unit 1404, in Seattle.

On or about April 23, 2009, Poletayeva and Countrywide entered into a loan modification agreement that reduced the interest rate and the amount of Poletayeva's monthly payments under the note.[1] Poletayeva made three payments pursuant to the loan modification. She alleges that after these three payments, Bank of America, which had by then acquired the underlying loan, notified her that the interest rate on the loan was still the original 12.25 percent and that the payments she made based on the loan modification were insufficient. Poletayeva then engaged, unsuccessfully, in efforts to obtain another loan modification from Bank of America.

In 2011, the deed of trust was assigned to the Bank of New York Mellon (BNYM), as the trustee for the certificate holders of the "CWABS, Inc., Asset-Backed Certificates, Series 2007-8." Clerk's Papers at 79. On or about May 13, 2012, BNYM, through its servicing agent, SLS, sent notice to Poletayeva regarding default and acceleration under the note and the deed of trust based on Poletayeva's failure to make monthly payments when due. Poletayeva attempted, unsuccessfully, to obtain a loan modification from SLS.

In October 2015, Poletayeva filed suit against SLS in advance of a trustee's sale of the condo, scheduled for October 9, 2015. SLS, in its capacity

---

[1] The record does not contain a fully executed copy of the loan modification agreement; the copies provided in the record are only executed by Poletayeva. But, New Penn does not dispute that the loan modification agreement went into effect.

as servicing agent on behalf of BNYM, counterclaimed for judicial foreclosure.[2] On June 23, 2017, SLS filed a motion for summary judgment on its counterclaim, requesting that the trial court enter a judgment of foreclosure and order the sale of the condo.

Poletayeva did not file a response to SLS's motion for summary judgment. At the initial hearing on the motion, Poletayeva's counsel requested a continuance. The trial court agreed to continue the hearing to August 4, 2017, but imposed sanctions on Poletayeva's counsel. The trial court also ordered Poletayeva to file any response by July 28, 2017, and SLS to file any reply by August 2, 2017.

Poletayeva did not file a timely response. But on August 1, 2017, Poletayeva filed two declarations (her own declaration and the declaration of her counsel) in opposition to SLS's motion for summary judgment.

Meanwhile, SLS separately moved to substitute New Penn as the defendant and counterclaim plaintiff in the action, explaining that on or about December 1, 2016, BNYM had transferred the underlying loan from SLS to New Penn. Poletayeva did not file a response to the motion to substitute.

The trial court granted the motion to substitute on August 4, 2017, dismissing SLS and substituting New Penn as the defendant and counterclaim plaintiff. And on August 8, 2017, the trial court entered an order granting the motion for summary judgment and ordering the sale of the condo.

---

[2] Poletayeva did not designate a copy of her complaint or the counterclaim complaint as required by RAP 9.6(b)(1)(C). But we have a sufficient record to decide this case.

3

Poletayeva appeals.

## ANALYSIS

*Summary Judgment of Foreclosure*

A. <u>Standard of Review</u>

We review summary judgment orders de novo, viewing all evidence and reasonable inferences in the light most favorable to the nonmoving party. <u>Keck v. Collins</u>, 184 Wn.2d 358, 370, 357 P.3d 1080 (2015). "[S]ummary judgment is appropriate where there is 'no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law.'" <u>Elcon Const., Inc. v. E. Wash. Univ.</u>, 174 Wn.2d 157, 164, 273 P.3d 965 (2012) (second alteration in original) (quoting CR 56(c)). Once the moving party shows there are no genuine issues of material fact, the nonmoving party must bring forth specific facts to rebut the moving party's contentions. <u>Elcon Const., Inc.</u>, 174 Wn.2d at 169. "The nonmoving party may not rely on speculation, argumentative assertions, 'or in having its affidavits considered at face value; for after the moving party submits adequate affidavits, the nonmoving party must set forth specific facts that sufficiently rebut the moving party's contentions and disclose that a genuine issue as to a material fact exists.'" <u>Becker v. Wash. State Univ.</u>, 165 Wn. App. 235, 245-46, 266 P.3d 893 (2011) (quoting <u>Seven Gables Corp. v. MGM/UA Entm't Co.</u>, 106 Wn.2d 1, 13, 721 P.2d 1 (1986)). "'A material fact is one upon which the outcome of the litigation depends.'" <u>Baldwin v. Silver</u>, 165 Wn. App. 463, 472, 269 P.3d 284 (2011) (quoting <u>Vacova Co. v. Farrell</u>, 62 Wn. App. 386, 395, 814 P.2d 255 (1991)).

B. New Penn's Right To Foreclose

The "holder" of a promissory note secured by a deed of trust is authorized to judicially foreclose the deed of trust following a default under the promissory note. RCW 61.24.005(2) (defining "beneficiary" of deed of trust as "the holder of the instrument or document evidencing the obligations secured by the deed of trust."); 18 WILLIAM B. STOEBUCK & JOHN W. WEAVER, WASHINGTON PRACTICE, REAL ESTATE: TRANSACTIONS § 20.19, at 437 (2d ed. 2004) ("Washington's deed of trust act gives the beneficiary an election to foreclose judicially."); see also Deutsche Bank Nat'l Trust Co. v. Slotke, 192 Wn. App. 166, 168, 367 P.3d 600 ("The holder of a promissory note secured by a deed of trust has authority to elect to commence a judicial foreclosure of that deed of trust."), review denied, 185 Wn.2d 1037 (2016). The "holder" of a note that is endorsed in blank is the person in possession of the note. RCW 62A.3-205(b) (note endorsed in blank is payable to bearer); RCW 62A.1-201(b)(21)(A) ("holder" of a note includes the person in possession of a note payable to bearer). Constructive possession is sufficient to make one the "holder" of a note. RCW 62A.3-201 cmt. 1 (a holder can possess "directly or through an agent"); Gleeson v. Lichty, 62 Wash. 656, 659, 114 P. 518 (1911) ("But, if we assume that the note was not in his actual possession, it was clearly under his control, and therefore constructively in his possession"); Barkley v. GreenPoint Mortg. Funding, Inc., 190 Wn. App. 58, 69, 358 P.3d 1204 (2015) (bank was holder of note through its agent), review denied, 184 Wn.2d 1036 (2016).

5

Here, it is undisputed that Poletayeva executed the note and that the deed of trust on the condo secures Poletayeva's obligations under the note. It is also undisputed that the note is endorsed in blank. Additionally, New Penn submitted an affidavit in support of the motion for summary judgment, stating that its counsel is in possession of the note on New Penn's behalf. In short, New Penn established that it is the "holder" of the note and therefore entitled to judicially foreclose the deed of trust in the event of a default under the note.[3] To this end, New Penn also established via affidavit that in September 2009, a default occurred under the note when Poletayeva failed to make the regular installment payment due in September, and all subsequent payments thereafter.

Because New Penn established that there were no genuine issues of material fact regarding its entitlement to foreclose, Poletayeva was required to "set forth specific facts rebutting [New Penn's] contentions" to defeat summary judgment. Elcon Const., 174 Wn.2d at 169. As further discussed below, Poletayeva failed to do so, and therefore summary judgment was proper.

As an initial matter, Poletayeva argues that the trial court erred by failing to consider her untimely declaration filed in opposition to the motion for summary judgment. We disagree. The trial court specifically observed that "[Poletayeva's]

---

[3] Poletayeva's first assignment of error suggests that she takes issue with the trial court's order substituting New Penn as the defendant and counterclaim plaintiff, and dismissing SLS. We decline to consider this issue, for which Poletayeva provided no argument. Holland v. City of Tacoma, 90 Wn. App. 533, 538, 954 P.2d 290 (1998) ("Passing treatment of an issue or lack of reasoned argument is insufficient to merit judicial consideration.") (citing State v. Johnson, 119 Wn.2d 167, 171, 829 P.2d 1082 (1992)). In any event, as discussed herein, New Penn demonstrated that it was the holder of the note and entitled to foreclose.

declaration is interesting, but it has nothing to refute anything that is before the Court." Report of Proceedings (RP) (August 4, 2017) at 22. The trial court also observed that Poletayeva's declaration "cites to no law." RP (August 4, 2017) at 22. These statements make it apparent that despite its being untimely filed, Poletayeva's declaration *was* considered by the trial court in ruling on summary judgment.

Poletayeva next argues that the trial court failed to take into account the facts that she presented—namely that Poletayeva's default was caused by Countrywide and its successor, Bank of America, when they notified her after the loan modification that her interest rate was still 12.25 percent. But Poletayeva's assertions do not raise any issue of material fact on which the instant litigation—regarding New Penn's right to foreclose—depends. Specifically, Poletayeva has brought forth no specific facts to rebut New Penn's assertions that it is the holder of the note and that Poletayeva defaulted thereunder. Indeed, Poletayeva acknowledges in her briefing that a default occurred. Finally, Poletayeva cites no authority for her apparent assertion that New Penn is not entitled to foreclose where an undisputed default exists under the terms of the note, but the borrower alleges that the default was caused by the acts of a nonparty. See Marin v. King County, 194 Wn. App. 795, 819-20, 378 P.3d 203 (absent supporting argument and citations to authority, an argument is deemed waived), review denied, 186 Wn.2d 1028 (2016). Accordingly, summary judgment was proper.

7

*New Penn's Request for Costs*

New Penn requests costs on appeal. New Penn's request for costs should be directed to the commissioner or court clerk pursuant to RAP 14.2, which provides: "A commissioner or clerk of the appellate court will award costs to the party that substantially prevails on review, unless the appellate court directs otherwise in its decision terminating review."

As a final matter, this court is in receipt of a letter from Poletayeva dated October 17, 2018, in which Poletayeva requests that this court "deny the [respondent] the grant of attorney's fees, since it will be an unbearable financial burden."[4] But New Penn did not request attorney fees on appeal, and none are awarded (other than statutory attorney fees that the clerk or commissioner may award as costs under RAP 14.3(a)).[5] Accordingly, we need not reach the merits of Poletayeva's request.

Affirmed.

WE CONCUR:

---

[4] The letter was served on New Penn.
[5] Cf. Stiles v. Kearney, 168 Wn. App. 250, 267, 277 P.3d 9 (2012) (party requesting fees on appeal must provide argument and citation to authority to advise the court of the appropriate grounds for an award of attorney fees).