[No. 58286-6.   En Banc.   July 30, 1992.]

THE CITY OF PASCO, *Respondent*, v. THE PUBLIC EMPLOYMENT RELATIONS COMMISSION, ET AL, *Appellants*.

*Kenneth O. Eikenberry, Attorney General,* and *Spencer W. Daniels, Assistant; James M. Cline* and *Aitchison & Hoag,* for appellants.

*Greg A. Rubstello, City Attorney,* for respondent.

*Richard D. Eadie* on behalf of International Federation of Professional and Technical Engineers, amicus curiae for appellants.

BRACHTENBACH, J. — The issue is whether an optional grievance procedure for review of disciplinary actions is a mandatory subject of collective bargaining between the City of Pasco (City) and the Pasco Police Officers Association (Union).

This question arises from uncontested facts. The City and the Union were negotiating a successor collective bargaining agreement. The Union proposed a grievance procedure. The proposal, set out in the appendix, would give employees the option of appealing disciplinary actions through the contractual grievance procedure rather than through an appeal to the Civil Service Commission.

The Public Employment Relations Commission (PERC) became involved and certified to interest arbitration several unresolved issues, including the grievance procedure proposal. RCW 41.56.450. The City then filed with PERC an unfair labor practice complaint against the Union.

The executive director of PERC, pursuant to WAC 391-45-110, dismissed the City's complaint. The Commission affirmed that dismissal. The City appealed; the Superior Court reversed the PERC decision. We reverse the Superior Court.

The dispositive inquiry is whether the optional grievance procedure is a mandatory subject of collective bargaining.

Refusing to bargain a mandatory subject of collective bargaining is an unfair labor practice. RCW 41.56.140, .150 (concerning public employees and employers). Similarly, pursuing a nonmandatory subject to impasse is an unfair labor practice. *International Ass'n of Fire Fighters, Local 1052 v. Public Empl. Relations Comm'n*, 113 Wn.2d 197, 201, 778 P.2d 32 (1989); *Klauder v. San Juan Cy. Deputy Sheriffs' Guild*, 107 Wn.2d 338, 342, 728 P.2d 1044 (1986).

We first determine the standard of review and consider the relevance and weight to be given PERC's statutory interpretation of RCW 41.56.030(4).

■■ PERC decisions in unfair labor practice cases are reviewable under the standards set forth in the Administrative Procedure Act. *See Public Empl. Relations Comm'n v.*

*Kennewick*, 99 Wn.2d 832, 841-42, 664 P.2d 1240 (1983). The complaint here was filed September 18, 1989. Therefore, we apply the standard in RCW 34.05.570(3), review of agency orders in adjudicative proceedings. *See* RCW 34.05.902. PERC dismissed the unfair labor practice complaint on the basis that it failed to state a claim upon which relief could be granted. Therefore, the error of law standard applies. *See Contreras v. Crown Zellerbach Corp.*, 88 Wn.2d 735, 742, 565 P.2d 1173 (1977) (review of dismissal on CR 12(b)(6) grounds concerns legal question). Under this standard, relief from an agency order should be granted only if the agency has erroneously interpreted or applied the law. RCW 34.05.570(3)(d). In dismissing the complaint for failure to state a claim, PERC interpreted RCW 41.56-.030(4). Construction of a statute is a question of law reviewed de novo under the error of law standard. *Inland Empire Distrib. Sys., Inc. v. Utilities & Transp. Comm'n*, 112 Wn.2d 278, 282, 770 P.2d 624, 87 A.L.R.4th 627 (1989).

PERC argues that its statutory interpretation is entitled to substantial weight, citing *Franklin Cy. Sheriff's Office v. Sellers*, 97 Wn.2d 317, 325-26, 646 P.2d 113 (1982), *cert. denied*, 459 U.S. 1106, 74 L. Ed. 2d 954, 103 S. Ct. 730 (1983). The City maintains in its respondent's brief, however, that interpretation of a statute is solely a question of law within the conventional competence of the court. *State ex rel. Graham v. Northshore Sch. Dist. 417*, 99 Wn.2d 232, 242, 662 P.2d 38 (1983); *see also American Legion Post 32 v. Walla Walla*, 116 Wn.2d 1, 6, 802 P.2d 784 (1991).

Neither of these formulations is entirely complete. In *Cowiche Canyon Conservancy v. Bosley*, 118 Wn.2d 801, 828 P.2d 549 (1992), the court said that where an agency is charged with the administration and enforcement of a statute, the agency's interpretation of the statute is accorded great weight in determining legislative intent when a statute is ambiguous. *Cowiche*, at 813-14. As the City recognizes in its response to an amicus brief, absent ambiguity there is no need for the agency's expertise in construing the statute. Because we find the statute ambiguous as dis-

cussed hereafter, PERC's interpretation is entitled to great weight.

The issue revolves around the definition of "collective bargaining" in RCW 41.56.030(4). "Collective bargaining" is *defined* as

> the performance of the mutual obligations of the public employer and the exclusive bargaining representative to meet at reasonable times, to confer and negotiate in good faith, and to execute a written agreement with respect to grievance procedures and collective negotiations on personnel matters, including wages, hours and working conditions, *which may be peculiar to an appropriate bargaining unit* of such public employer . . ..

(Italics ours.) RCW 41.56.030(4).

The question is the meaning of the term "which may be peculiar to an appropriate bargaining unit" and how it affects the grievance procedure contract provision proposed by the Union. The City argues, and the Superior Court held, that the contract grievance procedure provision was a non-mandatory subject of collective bargaining because it was not a matter which "may be peculiar to an appropriate bargaining unit". RCW 41.56.030(4). The City maintains that the "peculiar to" language in RCW 41.56.030(4) is a limitation of the scope of the matters subject to mandatory collective bargaining. The City reasons that appeal of disciplinary actions is not a matter peculiar to an appropriate bargaining unit, pointing out that RCW 41.12.080 and .090 address police officer discipline and appeals therefrom on a statewide basis.

The City's argument presumes that the "peculiar to" language acts as a limitation on the term "grievance procedures" in the statute. In contrast to the City's view, the Union contends that the language "peculiar to an appropriate bargaining unit" modifies only the term "working conditions" and does not apply to "grievance procedures".

■ ■ The matter disputed by the City and the Union, then, is must grievance procedures be "peculiar to an appro-

priate bargaining unit" or are grievance procedures a subject of mandatory collective bargaining without being peculiar to the particular bargaining unit? Grammatically, what is the relevant antecedent which is modified by the "peculiar to" language? The statute is ambiguous on this question.

If the City is correct that the "peculiar to" language modifies "grievance procedures", then the language "peculiar to an appropriate bargaining unit" would modify all the subjects of bargaining expressed in the statute. In other words, "grievance procedures" is the beginning of the description of the subjects which are to be collectively bargained. Therefore, under the City's analysis, the matters of (1) grievance procedures, (2) personnel matters, (3) wages, (4) hours and (5) working conditions would have to be peculiar to the bargaining unit before they were mandatory subjects of collective bargaining.

Such a reading of the statute would reduce the mandatory subjects of collective bargaining to a very narrow and unpredictable segment of employer-employee relations. We do not perceive legislative intent to so narrowly restrict the right to collectively bargain.

First, PERC maintains that the "peculiar to" language does not modify "grievance procedures". PERC has reasoned that employee access to grievance and arbitration procedures is a mandatory subject of collective bargaining. *Tukwila v. United Steelworkers*, Pub. Empl. Relations Comm'n Dec. 1975 PECB, at 14-15 (1984); *International Fed'n of Professional & Technical Eng'rs, Local 17 v. Seattle*, Pub. Empl. Relations Comm'n Dec. 3051-A PECB, at 13 (1989). In view of the ambiguity in the statute, we accord the agency interpretation great weight in determining legislative intent. *Hama Hama Co. v. Shorelines Hearings Bd.*, 85 Wn.2d 441, 448, 536 P.2d 157, 161 (1975).

Also, the Union's contention that the "peculiar to" language references only "working conditions" is supported by "the last antecedent rule". "Where no contrary intention

appears in a statute, relative and qualifying words and phrases, both grammatically and legally, refer to the last antecedent." *Boeing Co. v. Department of Licensing*, 103 Wn.2d 581, 587, 693 P.2d 104 (1985) (quoting *Davis v. Gibbs*, 39 Wn.2d 481, 483, 236 P.2d 545 (1951)).

We conclude that the "peculiar to" language does not apply to the term "grievance procedures".

Other provisions of RCW 41.56 support our interpretation of legislative intent that RCW 41.56.030(4) be construed in favor of collective bargaining under the circumstances here. RCW 41.56.905 states that the provisions of RCW 41.56 "are intended to be additional to other remedies and shall be liberally construed to accomplish their purpose." RCW 41.56.905. The purpose of the Public Employees' Collective Bargaining Act (PECBA), RCW 41.56, is set out in RCW 41.56.010:

> The intent and purpose of this chapter is to promote the continued improvement of the relationship between public employers and their employees by providing a uniform basis for implementing the right of public employees to join labor organizations of their own choosing and to be represented by such organizations in matters concerning their employment relations with public employers.

Moreover, RCW 41.56.905 states that except as provided in RCW 53.18.015 (concerning port districts and their employees),

> if any provision of this chapter conflicts with any other statute, ordinance, rule or regulation of any public employer, the provisions of this chapter shall control.

RCW 41.56.905. RCW 41.56.905 was enacted in 1973 and originally applied only to uniformed personnel; in 1983 it was amended and now applies to the entire PECBA. Laws of 1983, ch. 287, § 5. Consequently, as this court has recently emphasized, " 'a liberal construction should be given to all of RCW 41.56 and conflicts resolved in favor of the dominance of that chapter.' " *Municipality of Metro Seattle v. Division*

*587, Amalgamated Transit Union*, 118 Wn.2d 639, 644, 826 P.2d 167 (1992) (quoting *Rose v. Erickson*, 106 Wn.2d 420, 424, 721 P.2d 969 (1986)).

■ As noted, RCW 41.56.905 acknowledges that the PECBA may be inconsistent with other statutes. Recently, the court held that RCW 41.56 held sway over the sheriff's civil service statute where the employer argued that a grievance procedure for disciplinary actions conflicted with the civil service law. *Rose v. Erickson*, 106 Wn.2d 420, 721 P.2d 969 (1986) (despite a provision in RCW 41.14.080 stating its provisions covered any personnel actions). In *Yakima v. International Ass'n of Fire Fighters, Local 469*, 117 Wn.2d 655, 671, 818 P.2d 1076 (1991), the court said that exceptions to public employees' collective bargaining rights should be narrowly construed. *See also International Ass'n of Firefighters, Local 469 v. Yakima*, 91 Wn.2d 101, 109, 587 P.2d 165 (1978) (exception in RCW 41.56 narrowly construed).

As we observed, the City's reading of the statute results in a very narrow and unpredictable set of subjects for mandatory collective bargaining. The City's reading is clearly antithetical to RCW 41.56.905 and policy expressed in our recent cases.

Finally, we note the City's reliance on *Seattle v. Auto Sheet Metal Workers Local 387*, 27 Wn. App. 669, 620 P.2d 119 (1980), *review denied*, 95 Wn.2d 1010 (1981). There, the Court of Appeals narrowly construed the language in RCW 41.56.030(4). However, as the case involved a declaratory judgment action regarding the validity of a city charter amendment and a city ordinance establishing a citywide civil service system, PERC was not involved and the court did not have the benefit of its expertise. The issue before this court now was not at issue in *Auto Sheet Metal Workers*. Finally, and significantly, the court did not consider RCW 41.56.905 and its clear expression of legislative intent, nor did it have the benefit of recent cases discussing policy in

light of the PECBA. To the extent *Auto Sheet Metal Workers* is inconsistent with our analysis herein, it is overruled.

We hold that the Union's proposed contract term providing an option to the employee to utilize contract grievance procedures for review of disciplinary actions is a mandatory subject of collective bargaining. We reverse the Superior Court, and reinstate PERC's dismissal of the City's unfair labor practices claim.

APPENDIX

### Article V – Grievance Procedure

A grievance shall be defined as a dispute or disagreement raised by an employee or group of employees against the employer involving the interpretation or application of the specific provisions of this Agreement. ~~It is specifically understood that any disputes regarding matters governed by civil service rules or statutory provisions shall not be considered grievance and not be subject to the grievance procedure hereinafter set forth. Nor shall a~~Any disciplinary actions which may be appealed to the Civil Service Commission <u>shall</u> be considered grievances and subject to the grievance procedure herein~~.~~ <u>at the option of the employee.</u> Grievances, as herein defined, shall be processed in the following manner:

DORE, C.J., and UTTER, DOLLIVER, ANDERSEN, DURHAM, SMITH, GUY, and JOHNSON, JJ., concur.