[No. 14526-0-II.   Division Two.   December 7, 1992.]

HAROLD LeMAY ENTERPRISES, *Respondent,* v. THE UTILITIES
AND TRANSPORTATION COMMISSION,
ET AL, *Appellants.*

*Kenneth O. Eikenberry, Attorney General,* and *Anne E. Egeler, Assistant,* for appellant Utilities and Transportation Commission.

*Richard A. Finnigan, Joanne Henry* and *Vandeberg & Johnson,* for appellant Mason County Garbage Company.

*Polly L. McNeil* and *Heller, Ehrman, White & McAuliffe,* for respondent.

ALEXANDER, J. — Mason County Garbage Company and the Washington Utilities and Transportation Commission appeal a judgment of the Thurston County Superior Court reversing the Commission's determination that Harold LeMay Enterprises' certificate to collect garbage and refuse in Mason County should be amended because LeMay failed to operate as a garbage and refuse collection service in Mason County for a period of 1 year. We affirm.

Harold LeMay Enterprises and the Mason County Garbage Company each possess certificates of convenience and necessity from the Washington Utilities and Transportation Commission authorizing them to collect garbage and refuse in Mason County. Both companies have operated in Mason County since the 1960's. LeMay is a large company that collects garbage in several counties in this state, including

Mason County. Its revenues from all of its garbage and refuse collection activities exceeded $9 million in 1987. Mason County Garbage is a smaller company which operates only in Mason County.

In 1974, the rival companies entered into a "gentlemen's agreement" whereby they divided garbage collection services in Mason County. Under the agreement, LeMay was to collect garbage from all "drop boxes" (large dumpsters) and Mason Garbage was to collect garbage from homes and small businesses. Until 1988, LeMay acted in conformity with the agreement and did not provide service to any residential customers in Mason County. In its advertisement in the regional telephone directory, LeMay emphasized the drop box aspect of its business, although it had a listing under the general heading "Garbage and Rubbish Collection". While it did not refuse service to any customer or potential customers, its advertisements did not specifically state that it was available to provide service to residential customers.

In 1988, the agreement between LeMay and Mason Garbage ended when Mason Garbage discovered that LeMay was collecting garbage from some residences in Mason County. Mason Garbage then filed a complaint with the Utilities and Transportation Commission, contending that LeMay's certificate should be revoked or modified because LeMay had abandoned service to residential customers. After a hearing, the Commission held that LeMay had failed to operate as a garbage and refuse collection company for a period of at least 1 year preceding the filing of the complaint because it had not performed services under a "portion of its authority." In support of its order, the Commission found that LeMay did not provide residential service, that it emphasized drop box customers in its advertisements and that residential customers were unaware that LeMay was available to serve residences. From these findings, it concluded that LeMay did not hold itself out as serving residential customers and consequently, it amended LeMay's garbage collection certificate, restricting its service within Mason

County for collection of drop boxes only. LeMay appealed the Commission's decision to the Thurston County Superior Court. The Superior Court reversed the Commission.

■ Our review of the decision of the Utilities and Transportation Commission, like the review in superior court, is under the former RCW 34.04.130(6),[1] which provides:

> The court may affirm the decision of the agency or remand the case for further proceedings; or it may reverse the decision if the substantial rights of the petitioners may have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
> (a) in violation of constitutional provisions; or
> (b) in excess of the statutory authority or jurisdiction of the agency; or
> (c) made upon unlawful procedure; or
> (d) affected by other error of law; or
> (e) clearly erroneous in view of the entire record as submitted and the public policy contained in the act of the legislature authorizing the decision or order; or
> (f) arbitrary or capricious.

Because there is no assignment of error to the Commission's findings, they are verities. *St. Francis Extended Health Care v. Department of Social & Health Servs.*, 115 Wn.2d 690, 692, 801 P.2d 212 (1990). We are called upon to determine whether a holder of a garbage collection certificate has "failed to operate" as a solid waste collection company when, for a period of 1 year preceding the filing of a complaint, the certificate holder does not serve or hold itself out as being available to serve residential customers.

■ Interpretation of statutes and regulations implementing them is a question of law which we review under the error of law standard, RCW 34.04.130(6)(d). Under this standard, we may substitute our judgment for that of the administrative body, although substantial weight will, of course, be accorded to an agency's interpretation of ambiguous statutory language. *Pasco v. Public Empl. Relations Comm'n*, 119 Wn.2d 504, 507-08, 833 P.2d 381 (1992).

---

[1]The proceedings before the Commission began before the effective date of the new Administrative Procedure Act (APA), RCW 34.05.001. Thus, according to RCW 34.05.902, the former APA applies.

RCW 81.77.030(6), which gives the Utilities and Transportation Commission the authority to revoke, alter or amend garbage collection certificates, provides, in pertinent part, as follows:

> The commission, on complaint made on its own motion or by an aggrieved party, at any time, after the holding of a hearing of which the holder of any certificate has had notice and an opportunity to be heard, and at which it shall be proven that the holder has wilfully violated or refused to observe any of the commission's orders, rules, or regulations, *or has failed to operate as a solid waste collection company for a period of at least one year preceding the filing of the complaint,* may suspend, revoke, alter, or amend any certificate issued under the provisions of this chapter.

(Italics ours.)

RCW 81.77.010(7) defines a solid waste collection company as:

> "Solid waste collection company" means every person or his lessees, receivers, or trustees, owning, controlling, operating or managing vehicles used *in the business of transporting solid waste for collection* and/or disposal for compensation, except septic tank pumpers, over any public highway in this state whether as a "common carrier" thereof or as a "contract carrier" thereof; . . .

(Italics ours.)

LeMay asserted below and here that it did not fail to operate as a solid waste collection company during the year preceding the filing of Mason Garbage's complaint. It contends that the Commission, therefore, erred in amending its certificate to restrict its service to drop box customers only.

Mason Garbage and the Commission contend that the Commission's order should be affirmed, arguing that LeMay abandoned a portion of its authority, *i.e.*, service to residential garbage customers for the requisite period of 1 year preceding the filing of the complaint. This abandonment occurred, they suggest, because LeMay did not actually serve residential customers and did not hold itself out as providing such service. As support for their argument, Mason Garbage and the Commission point to the Commission's regulation defining the phrase that appears in RCW

81.77.010(7), "the business of transporting solid waste for collection and/or disposal . . .". The regulation is WAC 480-70-050(7), which reads as follows:

> (7) The phrase "the business of transporting garbage and/or refuse for collection and/or disposal for compensation" used in RCW 81.77.010 applies only to those carriers who are primarily in the specialized business of transporting garbage and refuse for collection and/or disposal for all potential customers within a specified area. . . .

■ Viewing the facts of the case in light of the two statutes and one regulation set forth above, we conclude that the Commission erred in amending LeMay's certificate. Even if we assume that the Commission has the authority to amend a garbage collection certificate based upon a certificate holder's abandonment of only a portion of its authority, there has been no showing of abandonment. The Commission found only that LeMay did not actually serve residential customers and did not hold itself out as providing that service during the pertinent time period. We believe that a certificate holder can be deemed to have abandoned a portion of its "business of transporting garbage and/or refuse for collection" only if the certificate holder either is unavailable to serve customers or refuses to serve potential customers. The Commission, as we have noted, made no such finding. Indeed, it found that LeMay did not refuse to serve residential customers.

The finding that LeMay did not hold itself out as being available to provide such service is not, in our judgment, significant since we have been cited no authority for the argument that a certificate holder must hold itself out as providing a particular type of service. Furthermore, the fact that LeMay served only drop box customers during the pertinent 1-year period does not indicate abandonment of residential service. The plain fact is, there are no findings that LeMay was unwilling or unable to provide residential service within Mason County. Without such findings, the order of the Commission cannot stand.

884

We affirm the Superior Court's order reversing the decision of the Utilities and Transportation Commission.

PETRICH, C.J., and SEINFELD, J., concur.