[No. 22113-0-III.  Division Three.  October 30, 2003.]

*In the Matter of* DAVID J. WISSINK.

STEVENS COUNTY, *Appellant,* v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Respondent.*

*John G. Wetle, Prosecuting Attorney*, and *Lloyd B. Nickel, Deputy*, for appellant.

*Christine O. Gregoire, Attorney General*, and *Gervais W. McAuliffe III, Assistant*, for respondent.

Schultheis, J. — The Department of Labor and Industries (L&I) provides medical aid benefits to volunteers who work

for counties and other political subdivisions. Former RCW 51.12.035(2) (1981). While incarcerated in the Stevens County jail, inmate David Wissink volunteered as a trusty and was injured while working. L&I denied Stevens County's claim for coverage on the ground that Mr. Wissink was not a qualified worker as defined by the industrial insurance laws. Our issue on appeal is whether a jail inmate trusty may be entitled to medical benefits as a volunteer under former RCW 51.12.035. We find that Mr. Wissink meets the definition of a volunteer worker for the purposes of former RCW 51.12.035, and reverse.

FACTS

Mr. Wissink reported to serve a 90-day sentence at the county jail in July 2000. About two weeks later, he checked a box on a county jail request form that stated, "I wish to perform Inmate Worker Duties." Clerk's Papers (CP) at 90. At this time, Mr. Wissink's bed was a mattress on his cell floor. The day after he requested inmate worker duties, he was asked whether he would like to assist in installing an upper bunk in his cell. He agreed. While he helped carry the bunk through the cell doorframe, Mr. Wissink injured his hand, requiring several sutures. During the remaining weeks of his incarceration, Mr. Wissink continued to work on a voluntary basis—assisting the cook, washing dishes, and doing laundry. He was released in September 2000 with credit for good behavior and time previously served.

On August 14, 2000, Stevens County submitted an application to L&I seeking coverage for Mr. Wissink's medical treatment. L&I rejected the claim about one month later. According to Julia Ehr, the policy manager for L&I, the department had a policy against recognizing inmates as volunteers entitled to coverage under former RCW 51-.12.035.

In October 2000, the County filed a notice of appeal with the Board of Industrial Insurance Appeals (Board). Finding that Mr. Wissink fulfilled the definition of volunteer found

in former RCW 51.12.035(2) because he worked for the County by his own free choice, received no wages, and was properly registered and accepted as a volunteer by the county jail, the industrial appeals judge issued a proposed decision and order reversing L&I and remanding with directions to determine what medical benefits Mr. Wissink was entitled to. L&I petitioned for review of this decision to the Board, which in January 2002 rejected the proposed decision and affirmed L&I's original rejection of the claim. On appeal of this decision to superior court, L&I's order denying coverage was affirmed. The County then appealed directly to the Washington Supreme Court, which transferred the case to this court.

MEDICAL COVERAGE FOR VOLUNTEER INMATE TRUSTIES

The question presented is whether the Board correctly decided that a county jail inmate trusty cannot qualify for L&I medical benefits as a volunteer under former RCW 51.12.035(2). According to the subsection applicable to county volunteers,

(2) Volunteers may be deemed employees and/or workers, as the case may be, for all purposes relating to medical aid benefits under chapter 51.36 RCW at the option of any city, county, town, special district, municipal corporation, or political subdivision of any type, or any private nonprofit charitable organization, when any such unit of local government or any such nonprofit organization has given notice of covering all of its volunteers to the director prior to the occurrence of the injury or contraction of an occupational disease.

A "volunteer" shall mean a person who performs any assigned or authorized duties for any such unit of local government, or any such organization, except emergency services workers as described by chapter 38.52 RCW, or fire fighters covered by chapter 41.24 RCW, brought about by one's own free choice, receives no wages, and is registered and accepted as a volunteer by any such unit of local government, or any such organization which has given such notice, for the purpose of engaging in authorized volunteer services: PROVIDED, That

such person shall be deemed to be a volunteer although he or she may be granted maintenance and reimbursement for actual expenses necessarily incurred in performing his or her assigned or authorized duties: PROVIDED FURTHER, That juveniles performing community services under chapter 13.40 RCW may not be granted coverage as volunteers under this section.

Former RCW 51.12.035(2). The County contends Mr. Wissink met the requirements of volunteer status under former RCW 51.12.035(2) because he performed assigned duties for the jail by his own free choice, received no wages, and was registered as a volunteer with the jail. L&I responds that the statute is ambiguous, the legislative scheme reveals an intent to exclude inmate volunteers, and Mr. Wissink could not freely volunteer while he was under a criminal sentence.

■■ Judicial appeal of a Board decision is de novo, based solely on the evidence presented to the Board. *Dep't of Labor & Indus. v. Avundes*, 95 Wn. App. 265, 269-70, 976 P.2d 637 (1999), *aff'd*, 140 Wn.2d 282, 996 P.2d 593 (2000). Where, as here, the evidentiary facts are undisputed and the only issue is statutory interpretation, our review of the superior court's order affirming the Board is de novo. *Id.* at 270.

■■ Because we assume the legislature means exactly what it says, we will not engage in statutory interpretation of a statute that is unambiguous. *Berger v. Sonneland*, 144 Wn.2d 91, 105, 26 P.3d 257 (2001). In other words, if the meaning of a statute is clear, we must give effect to its language without regard to rules of statutory construction. *Frazier v. Dep't of Labor & Indus.*, 101 Wn. App. 411, 418, 3 P.3d 221 (2000). "A statute is ambiguous if it can reasonably be interpreted in two or more ways, but it is not ambiguous simply because different interpretations are conceivable." *Berger*, 144 Wn.2d at 105. We defer to an administrative agency's interpretation of a statute when the statute is ambiguous. *City of Pasco v. Pub. Employment Relations Comm'n*, 119 Wn.2d 504, 507, 833 P.2d 381 (1992) (citing

*Cowiche Canyon Conservancy v. Bosley*, 118 Wn.2d 801, 813-14, 828 P.2d 549 (1992)). Absent ambiguity, we have no need for the agency's expertise in construing the statute. *Pasco*, 119 Wn.2d at 507.

The clear terms of former RCW 51.12.035(2) provided that a volunteer entitled to medical aid benefits is a person who (1) performs assigned or authorized duties for the local government or nonprofit organization (2) by his or her own free choice (3) without pay and (4) is registered as a volunteer. The parties stipulate that Mr. Wissink performed assigned duties for the county jail without pay and that the County had registered him as a volunteer and had paid premiums to cover him and other trusties since the late 1980s. The only alleged ambiguity in the language of former RCW 51.12.035(2) is the requirement that the work duties must be "brought about by one's own free choice." We see no ambiguity in these words.

"Choice" is commonly recognized to mean "the voluntary and purposive or deliberate action of picking, singling out, or selecting from two or more [options] that which is favored or superior," or the "freedom to pick or decide." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 395 (1993). Free choice is choice exercised without coercion or compulsion. An inmate who is offered two or more options, including the option to volunteer for unpaid work duties, exercises free choice when he or she picks the option to work. The fact that the inmate is serving a sentence of confinement does not affect that choice because it does not remove the freedom to pick or the voluntary and deliberate action of picking an option to work. Assuming the legislature means what it says, a jail inmate who picks, without compulsion, an option to work without pay satisfies the plain meaning of "free choice" found in former RCW 51.12.035(2).

L&I argues that county inmates are excluded from coverage due to the standard of statutory interpretation called expressio unius est exclusio alterius: the specific inclusion of one implies the exclusion of all others. *Amalgamated Transit Union Legis. Council v. State*, 145 Wn.2d

544, 552-53, 40 P.3d 656 (2002); *State v. Baldwin*, 109 Wn. App. 516, 527, 37 P.3d 1220 (2001), *review denied*, 147 Wn.2d 1020 (2002). Although we need not utilize tools of statutory interpretation when the language of a statute is clear, examination of expressio unius est exclusio alterius will help ensure that this court carries out the intent of the legislature. *Frazier*, 101 Wn. App. at 418.

According to L&I, the overall statutory scheme indicates that the legislature explicitly excluded inmates from workers' compensation unless specifically covered by an exception. For example, RCW 36.110.120, former RCW 72.09.100 (1995), and RCW 72.60.102[1] provide industrial insurance benefits for certain classes of inmate workers, including those employed in free venture industries, tax reduction industries, and community work industries. Former RCW 51.12.045 (1977) provided that offenders performing community restitution pursuant to court order may be deemed covered employees or workers. In all of these statutes, however, the inmate workers do not meet the definition of volunteers. They either work for wages or pursuant to court order (compulsion). On the other hand, the volunteer worker statute, former RCW 51.12.035(2), included all workers who fulfill the definition of volunteer, except for emergency workers, fire fighters, and juveniles performing community restitution. The specific exclusion of these classes of workers implies inclusion of all other classes of volunteer workers.

L&I argues that the statute on insurance coverage for inmates working in free venture and tax reduction industries specifically excludes coverage for all other inmate workers: "Nothing in this section shall be construed to confer eligibility for any industrial insurance benefits to any jail inmate who is not employed in a free venture industry or a tax reduction industry." RCW 36.110.120(5).

---

[1] Both former RCW 72.09.100 and RCW 72.60.102 apply only to state Department of Corrections inmates, not county jail inmates, but they are examined here to determine whether they reveal a legislative intent to exclude all inmates from the definition of volunteer workers in former RCW 51.12.035.

However, this statute pertains to employment of jail inmates for wages, not volunteer workers. Further, unlike the statutes relating to inmate employees in free venture industries, tax reduction industries, and community work industries, former RCW 51.12.035 did not provide comprehensive workers' compensation coverage, but only medical aid benefits. The statutory scheme, with its careful restrictions on workers' compensation coverage for certain classes of inmate employees, is significantly silent on inmate volunteer workers. Nothing indicates a legislative intent to exclude jail inmates from the definition of volunteer in former RCW 51.12.035(2).

As the industrial appeals judge found in his proposed decision and order, Mr. Wissink made an active and reasoned decision to work. He was not coerced or forced to work in contravention of his own will. He had at least two options—inmate worker duties or no inmate worker duties—and he took the voluntary and purposive action of selecting inmate worker duties on his jail request form. The fact that he may or may not have enjoyed the incentives allowed by virtue of his volunteer status—smoking privileges, visiting hours, and possible good time credit—does not take away from the voluntariness of his choice to work.

The industrial appeals judge noted that "Mr. Wissink's motive for volunteering is irrelevant and immaterial. RCW 51.12.035 does not require that philanthropy be a volunteer's driving motive." CP at 25. Free choice, lack of wages, and registration as a volunteer are the only requirements for an inmate to receive medical aid benefits under former RCW 51.12.035. Mr. Wissink meets those requirements. Consequently, the superior court erred in affirming the Board's decision denying coverage under the statute.

Reversed.

BROWN, C.J., and KATO, J., concur.