144 P.3d 397 (2006)
STATE of Washington, Respondent
v.
Hubert Carl RANSLEBEN, Appellant.
No. 33332-5-II.
Court of Appeals of Washington, Division Two.
October 17, 2006.
Malcolm Ross, Attorney General of Washington, Seattle, WA, for Respondent.
*398 Reed Manley Benjamin Speir, University Place, WA, for Appellant.
John Patrick O'Melveny, Tacoma, WA, for Guardian Ad Litem.
VAN DEREN, J.
¶ 1 Hubert Carl Ransleben appeals his civil commitment as a sexually violent predator (SVP). He claims that the trial court erred in committing him under chapter 71.09 RCW because he has an unremitting mental disorder rendering him eligible for involuntary commitment under chapter 71.05. He also argues that the trial court violated his right to effective assistance of counsel because he was incompetent during trial. We affirm because RCW 71.09.060(2) expressly provides that all constitutional rights, except the right to trial while competent, apply.

FACTS
¶ 2 Ransleben's criminal record includes convictions for communicating with a minor for immoral purposes, second degree child molestation, criminal assault involving nonconsensual contact with the genitals or female breasts of another, and first degree child molestation. He was charged or convicted with several other non-sexual violations in the 1970s, and was a suspect in at least six other sexual incidents. He was violent and attempted to escape while in custody and has shown an inability to adjust to the community when out of custody.
¶ 3 The trial court ordered Ransleben to undergo a psychological evaluation by Dr. Charles Lund when the State filed a petition to have Ransleben committed as a sexually violent predator under chapter 71.09 RCW. Dr. Lund reported that he was unable to complete his interview because Ransleben "was extremely uncooperative and was not able to repeat back the most basic elements communicated to him about the nature and purpose" of the interview. Clerk's Papers (CP) (July 19, 2005) at 42. Dr. Lund ultimately diagnosed Ransleben with pedophilia (sexually attracted to males and females), mental disorder not otherwise specified due to head trauma and seizure disorder, alcohol dependence, cocaine abuse, marijuana abuse, and borderline intellectual functioning to mild mental retardation.
¶ 4 The State alleged that Ransleben was incompetent and moved the trial court to appoint a guardian ad litem (GAL). When the trial judge attempted to discuss the matter with Ransleben, his answers were at times non-responsive and at other times nonsensical. His attorney reported that he was incapable of discussing "on a simple basis the nature of the proceedings." Report of Proceedings (RP) (July 13, 2001) at 7.
¶ 5 The trial court granted the State's motion and appointed a GAL. The GAL was given full authority to investigate and report factual information, to make recommendations and decisions based on an independent investigation of Ransleben's best interests, and to access records and information relating to the case. The GAL was also required to appear at all court hearings and conferences. The GAL filed various motions on Ransleben's behalf but, like everyone else, the GAL was unable to communicate effectively with Ransleben. He reported that it was virtually impossible to discuss the facts of the case with him and that Ransleben was unable to respond to the GAL's questions or comments regarding the case.
¶ 6 Ransleben's counsel unsuccessfully moved to dismiss the petition based on Ransleben's incompetence, arguing that a GAL may not waive Ransleben's state and federal constitutional rights to be competent in order to stand trial and assist counsel.
¶ 7 Following a bench trial on the written record, the trial court concluded that Ransleben was a sexually violent predator and ordered him committed until further court order.

ANALYSIS
I. APPLICABILITY OF CHAPTER 71.09 RCW
¶ 8 Ransleben argues that the trial court erred in committing him under chapter 71.09 RCW because he suffers from a cognitive disorder not otherwise specified due to head trauma and seizure disorder, a disorder that makes him eligible for treatment under chapter 71.05 RCW and, thus, he does not meet the criteria for chapter 71.09 RCW civil *399 commitment proceedings. He asserts that RCW 71.09.010 excludes persons "who do not have a mental disease or defect that renders them appropriate for the existing involuntary treatment act, chapter 71.05 RCW." Br. of Appellant at 5.
¶ 9 We review questions of law, including statutory construction, de novo. City of Pasco v. Pub. Employment Relations Comm'n., 119 Wash.2d 504, 507, 833 P.2d 381 (1992). We look to the statute's plain language and give effect to legislative intent. Lacey Nursing Ctr., Inc. v. Dep't of Revenue, 128 Wash.2d 40, 53, 905 P.2d 338 (1995). When faced with an unambiguous statute, we derive the legislature's intent from the plain language alone. Waste Mgmt. of Seattle, Inc., v. Util. Transp. Comm'n., 123 Wash.2d 621, 629, 869 P.2d 1034 (1994).
¶ 10 The legislature defines a sexually violent predator as "any person who has been convicted of or charged with a crime of sexual violence and who suffers from a mental abnormality or personality disorder which makes the person likely to engage in predatory acts of sexual violence if not confined in a secure facility." RCW 71.09.020(16). The statute requires only a determination that "the person is a sexually violent predator" before he can be committed. RCW 71.09.060(1). Ransleben concedes that his pedophilia diagnosis places him within the statutory definition of a sexually violent predator. Contrary to Ransleben's assertion, the statute does not require that the person not suffer from a mental disorder.
¶ 11 Ransleben relies on In the Detention of Pugh, 68 Wash.App. 687, 693, 845 P.2d 1034 (1993), as support for the additional requirement. There, we stated that "RCW 71.09 applies to sexually violent predators `who do not have a mental disease or defect that renders them appropriate for the existing involuntary treatment act, chapter 71.05.'" Pugh, 68 Wash.App. at 693, 845 P.2d 1034 (citing RCW 71.09.010). But this statement was not essential to Pugh's holding. Pugh challenged his commitment under chapter 71.05 RCW, claiming that applying chapter 71.09 RCW would have been more appropriate. Pugh, 68 Wash.App. at 691, 845 P.2d 1034. We simply held that there was no error in committing him under chapter 71.05 RCW and did not analyze whether a commitment under chapter 71.09 RCW would have been appropriate on the facts of his case. See Pugh, 68 Wash.App. at 693, 845 P.2d 1034. We noted that "the purpose of RCW 71.09 is to augment those situations where RCW 71.05 would be an inadequate commitment procedure." Pugh, 68 Wash.App. at 693, 845 P.2d 1034.
¶ 12 Dr. Lund found that Ransleben's mental disorders appear to contribute to Ransleben's recidivism risk by interfering with his ability to learn from the consequences of his actions. It is contrary to the legislature's intent to suggest that a condition that exacerbates a person's sexual deviance also prevents him from being committed as a sexually violent predator. Because this position conflicts with the plain language of RCW 71.09.020(16), we reject Ransleben's argument and affirm the trial court's application of chapter 71.09 RCW.
II. EFFECTIVE ASSISTANCE OF COUNSEL AND THE RIGHT TO BE COMPETENT
¶ 13 Ransleben further contends that he was denied his statutory right to effective assistance of counsel. He argues that because he was incompetent, he was unable to assist in his own defense and his attorney could not effectively assist him. He also claims that the appointment of a GAL did not mitigate this problem.
¶ 14 Persons who are the subject of an SVP commitment proceeding have a statutory right to the assistance of counsel. RCW 71.09.050(1). The right to counsel is meaningless unless it includes the right to effective counsel. See In the Detention of T.A.H.L., 123 Wash.App. 172, 179, 97 P.3d 767 (2004). Ransleben asserts that the right to be competent inheres in the right to effective assistance of counsel. We hold that it does not.
¶ 15 RCW 71.09.060(2) expressly addresses SVP determinations for incompetent persons:
If the person charged with a sexually violent offense has been found incompetent to stand trial, and is about to or has been released pursuant to RCW 10.77.090(4), *400 and his or her commitment is sought pursuant to subsection (1) of this section, the court shall first hear evidence and determine whether the person did commit the act or acts charged if the court did not enter a finding prior to dismissal under RCW 10.77.090(4) that the person committed the act or acts charged. The hearing on this issue must comply with all the procedures specified in this section. In addition, the rules of evidence applicable in criminal cases shall apply, and all constitutional rights available to defendants at criminal trials, other than the right not to be tried while incompetent, shall apply.
RCW 71.09.060(2) (emphasis added).
¶ 16 Ransleben's argument that he has an implied right to be competent during an SVP hearing directly conflicts with this RCW 71.09.060(2). The legislature's inclusion of a right to counsel in SVP proceedings cannot reasonably be interpreted as manifesting a contrary legislative intent to guarantee the right to be competent. Accordingly, Ransleben's trial did not violate his right to effective assistance of counsel.
¶ 17 We affirm Ransleben's commitment as an SVP under chapter 71.09 RCW.
We concur: QUINN-BRINTNALL, C.J., and HOUGHTON, J.