



IN THE SUPREME COURT OF THE STATE OF WASHINGTON

WASHINGTON STATE HOSPITAL ASSOCIATION, )
)
)
Respondent, )    No. 90486-3
)
v. )    En Banc
)
WASHINGTON STATE DEPARTMENT OF )
HEALTH, )
)
Appellant. )    Filed ___JUL 0 9 2015___
)
_____ )

GONZÁLEZ, J.—Under Washington law, Department of Health approval is required for certain types of hospital ownership changes. We are asked today whether the department exceeded its authority when it, by rule, significantly expanded the types of ownership changes that require department approval. Finding that it did, we affirm.

FACTS

The Washington Legislature enacted the certificate of need program in 1979 to "promote, maintain, and assure the health of all citizens in the state, provide accessible health services, health manpower, health facilities, and other resources

while controlling increases in costs." RCW 70.38.015(1). Under this program, those seeking to enter the health care market have long been required to establish there is a need for their services. *See Univ. of Wash. Med. Ctr. v. Dep't of Health*, 164 Wn.2d 95, 100, 187 P.3d 243 (2008). The department administers the certificate of need program and is authorized to adopt rules to implement the certificate of need statute. RCW 70.38.105(1), .135(3)(c).

In 1984, the legislature adopted RCW 70.38.105(4)(b), which, in its current form, provides that certificate of need review is also triggered by

> [t]he sale, purchase, or lease of part or all of any existing hospital as defined in RCW 70.38.025 including, but not limited to, a hospital sold, purchased, or leased by a health maintenance organization or by a combination of health maintenance organizations except as provided in subsection (7)(b) of this section.

The terms "sale," "purchase," and "lease" are not defined in the statute.

To assist parties in determining whether a certificate of need is required for a transaction, parties may "submit a written request to the certificate of need program requesting a formal determination of applicability of the certificate of need requirements to the action." WAC 246-310-050(1). The department's responses to those requests are "binding upon the department" for that transaction. WAC 246-310-050(5). Since 1984, the department often ruled that a certificate of need is required for only "sale, purchase, or lease" transactions, not other forms of changes of control. In one such ruling, the department stated certificate of need

> review is required for the sale, purchase, or lease of a hospital. The terms

2

> "purchase" and "sale" are not defined in either the [certificate of need] statute or rule. However in RCW 70.37 . . . "acquisition" is defined to include acquiring by "purchase, merger, lease, joint venture, or otherwise." Therefore, its [sic] reasonable to assume that had the [certificate of need] law been intended to apply to mergers it would have specifically so stated. The department concludes that the [certificate of need] law was not intended to apply to merger transactions.

Clerk's Papers at 87. The department's interpretation of "sale, purchase, or lease,"

however, has not been uniform: the department issued several binding opinions that

concluded "sale, purchase, or lease" did not extend to other forms of change of

control, but the department also reviewed six hospital related mergers through the

certificate of need process between 1979 and 1989.

On June 28, 2013, Governor Inslee, noting that the certificate of need process

"has not kept current with the changes in the health care delivery system," directed the

department to

> consider how the structure of affiliations, corporate restructuring, mergers, and other arrangements among health care facilities results in outcomes similar to the traditional methods of sales, purchasing, and leasing of hospitals, particularly when control of part or all of an existing hospital changes from one party to another.

Admin. Record (AR) at 1. The department initiated rule making on July 3, 2013. The

department proposed an expansive rule defining "sale, purchase, or lease" of part or

all of any existing hospital as "any transaction in which the control, either directly or

indirectly, of part or all of any existing hospital changes to a different person

including, but not limited to, by contract, affiliation, corporate membership

restructuring, or any other transaction." *Id.* at 154 (underline omitted) (now codified

at WAC 246-310-010(54) (hereinafter New Rule). The department received over 1,000 comments on its proposal. In its response to the comments, the department explained that certificate of need review should be performed in relation to hospital transactions "regardless of the terms used in the transactional documents." *Id.* at 1188. After considering the comments, the department adopted the New Rule as proposed.

The Washington State Hospital Association (the Association) is a not-for-profit corporation that advocates for its members on issues that affect health care. Its members include 98 Washington hospitals. The Association challenged the New Rule in Thurston County Superior Court, arguing, among other things, that the department exceeded its statutory authority in promulgating the New Rule. The trial court found that the department exceeded its statutory authority in promulgating the New Rule and invalidated it on that basis without reaching the Association's other arguments. The department appealed directly to this court. We granted review. Order Granting Review, *Wash. State Hosp. Ass'n v. Dep't of Health*, No. 90486-3 (Dec. 3, 2014).

## ANALYSIS

Our review is de novo because "[i]n reviewing administrative action, this court sits in the same position as the superior court." *Tapper v. Emp't Sec. Dep't*, 122 Wn.2d 397, 402, 858 P.2d 494 (1993) (citing *Macey v. Dep't of Emp't Sec.*, 110 Wn.2d 308, 312, 752 P.2d 372 (1988)). We also review questions of statutory interpretation de novo. *State v. Wentz*, 149 Wn.2d 342, 346, 68 P.3d 282 (2003)

(citing *City of Pasco v. Pub. Emp't Relations Comm'n*, 119 Wn.2d 504, 507, 833 P.2d 381 (1992)).

An agency's rules are presumed valid. *St. Francis Extended Health Care v. Dep't of Soc. & Health Servs.*, 115 Wn.2d 690, 702, 801 P.2d 212 (1990). The Association bears the burden of proving that the New Rule is invalid. RCW 34.05.570(1)(a). The court may declare the New Rule invalid "only if it finds that: The rule violates constitutional provisions; the rule exceeds the statutory authority of the agency; the rule was adopted without compliance with statutory rule-making procedures; or the rule is arbitrary and capricious." RCW 34.05.570(2)(c).

We conclude the New Rule is invalid because it interprets terms in RCW 70.38.105(4)(b) in a manner that is too broad to be consistent with the statute. As we have recently summarized,

> Administrative "[r]ules must be written within the framework and policy of the applicable statutes," *Dep't of Labor & Indus. v. Gongyin*, 154 Wn.2d 38, 50, 109 P.3d 816 (2005), and so long as the rule is "reasonably consistent with the controlling statute[s]," an agency does not exceed its statutory authority. *Wash. Pub. Ports Ass'n v. Dep't of Revenue*, 148 Wn.2d 637, 646, 62 P.3d 462 (2003). However, "'[a]dministrative rules or regulations cannot amend or change legislative enactments.'" *Dep't of Ecology v. Campbell & Gwinn, LLC*, 146 Wn.2d 1, 19, 43 P.3d 4 (2002) (quoting *Dep't of Ecology v. Theodoratus*, 135 Wn.2d 582, 600, 957 P.2d 1241 (1998)). Rules that are not consistent with the statutes that they implement are invalid. *Bostain v. Food Express, Inc.*, 159 Wn.2d 700, 715, 153 P.3d 846 (2007).

*Swinomish Indian Tribal Cmty. v. Dep't of Ecology*, 178 Wn.2d 571, 580-81, 311 P.3d 6 (2013) (alterations in original). The overriding purpose of the certificate of need program is to "'promote, maintain, and assure the health of all citizens in the state,

[and] provide accessible health services, health manpower, [and] health facilities.'" *Overlake Hosp. Ass'n v. Dep't of Health*, 170 Wn.2d 43, 55, 239 P.3d 1095 (2010) (second alteration in original) (quoting RCW 70.38.015(1)). We acknowledge that the New Rule may further the purpose of the certificate of need program and that broad dictionary definitions of "sale" and "purchase"[1] support the department's review of transactions beyond those that are described in the transactional documents as "sales," "purchases," or "leases," such as mergers. The New Rule, however, interprets "sale, purchase, or lease" in RCW 70.38.105(4)(b) to mean "any transaction in which the control, either directly or indirectly, of part or all of any existing hospital changes to a different person," which encompasses much more than just mergers. WAC 246-310-010(54). As the Association correctly points out, the New Rule applies to *any* change of control because "[a]n indirect change of control would include things like changes in the stock ownership of a publicly-held corporation, or a simple change in the composition of a board of directors managing the affairs of an entity." Corrected Answering Br. of Resp't Wash. State Hospital Ass'n at 21.[2] Hence, as one example

---

[1] "Sale" has been defined to mean "the act of selling : a contract transferring the absolute or general ownership of property from one person or corporate body to another for a price (as a sum of money or any other consideration)." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 2003 (2002). "Purchase" has been defined to mean "to get into one's possession . . . by any means other than descent or inheritance," WEBSTER'S, *supra*, at 1844, and "[t]he act or an instance of buying," BLACK'S LAW DICTIONARY 1429 (10th ed. 2014).

[2] The department contends that the New Rule is not "intended to reach these ancillary aspects of hospital administration." Reply Br. of Appellant at 8. Nonetheless, the New Rule does reach such aspects because, by its plain language, it applies to "any transaction in which the control, either directly or indirectly, of part or all of any existing hospital changes to a different person." WAC 246-310-010(54).

of why the New Rule's interpretation of "sale, purchase, or lease" is too broad, the New Rule requires that any change in the board of directors of a hospital is subject to certificate of need review, which is not consistent with RCW 70.38.105(4)(b)'s requirement that a "sale, purchase, or lease" of part or all of a hospital is subject to certificate of need review. Accordingly, the New Rule interprets "sale, purchase, or lease" in RCW 70.38.105(4)(b) in a manner that departs too far from the plain meaning of those terms. *See Swinomish*, 178 Wn.2d at 586-87; *Bostain*, 159 Wn.2d at 713, 715-16. Therefore, the department exceeded its scope of authority by promulgating the New Rule because the New Rule expands the meaning of terms in RCW 70.38.105(4)(b) in a manner that is not consistent with the statute.

CONCLUSION

We hold that the department exceeded its statutory authority in promulgating the New Rule and the New Rule is consequentially invalid. Accordingly, we affirm.

González, J.

WE CONCUR:

Madsen, C.J.

Stephens, J.

Nguyen, J.

Fairhurst, J.

Gordon McCloud, J.

Owens, J.

Yu, J.